IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 1, 2022

## BRADLEY ALLEN GARRETT v. EILEEN MARIE GARRETT

**Appeal from the Circuit Court for Monroe County**
**No. V-21-313S     J. Michael Sharp, Judge**

_____

**No. E2022-00030-COA-R3-CV**
_____

A review of the record on appeal reveals that the order appealed from does not constitute a final appealable judgment. As such, this Court lacks jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

KRISTI M. DAVIS, J.;  D. MICHAEL SWINEY, C.J.;  AND JOHN W. MCCLARTY, J.

Shahen Matthew Salili, Ooltewah, Tennessee, for the appellant, Eileen Marie Garrett.

Joshua W. Leach, Knoxville, Tennessee, for the appellee, Bradley Allen Garrett.

### MEMORANDUM OPINION[1]

Pursuant to the requirements of Rule 13(b) of the Tennessee Rules of Appellate Procedure, the Court directed the appellant, Eileen Marie Garrett ("Mother"), to show cause why this appeal should not be dismissed for lack of subject matter jurisdiction after it became clear that there was no final judgment from which an appeal as of right would lie. "A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003)

_____

[1] Rule 10 of the Rules of the Court of Appeals provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

(quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). This Court does not have subject matter jurisdiction to adjudicate an appeal as of right if there is no final judgment. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only.").

Specifically, the record on appeal is devoid of a current child support worksheet showing the calculation of child support. *See, e.g., Hensley v. Hensley*, No. E2017-00354-COA-R3-CV, 2017 WL 5485320, at *7 (Tenn. Ct. App. Nov. 15, 2017) ("we conclude that because the trial court in its judgment has modified the residential co-parenting schedule but failed to address the issue of a corresponding modification in child support, the judgment is not final. We therefore do not have subject matter jurisdiction to consider this appeal."). Additionally, in its December 9, 2022 order, which is the order appealed, the Trial Court ordered the parties to take steps toward determining a child support arrearage and stated: "The court will issue a separate order regarding payment toward the arrearage upon receiving Attorney Salili's proposed arrearage amount, after applying the credits set out above, and after receiving Mr. Garrett's proposed payment plan." Thus, the December 9, 2022 order does not resolve all of the claims between the parties.

Mother responded to our show cause order and asserted that she "is not appealing the final adjudication of support based on numbers to be presented to the trial court . . .," and that "the trial court may have been marking this as an 'appealable' order, in effect giving appellant permission to appeal a non-final order pursuant to Rule 9 of the Rules of Appellate Procedure."

We do not find good cause to suspend the finality requirement in this case as the lack of a child support worksheet would hinder this Court's review of any issues regarding parenting. Furthermore, there remain other claims between the parties, which render the order appealed non-final. Simply stating that an order is a 'final' order does not make an order that fails to resolve all of the claims between the parties final.

"Except where otherwise provided, this Court only has subject matter jurisdiction over final orders." *Foster-Henderson v. Memphis Health Center, Inc.*, 479 S.W.3d 214, 222 (Tenn. Ct. App. 2015). As there is no final appealable judgment, the appeal is hereby dismissed. Costs on appeal are taxed to the appellant, Eileen Marie Garrett, for which execution may issue.

The appellee, Bradley Allen Garrett, filed a motion to designate this appeal as frivolous based upon the fact that no final judgment has been entered. As this Court lacks jurisdiction to consider the appeal, we decline to find this appeal frivolous.

**PER CURIAM**

- 2 -